**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 22, 2012

Lyle W. Cayce
Clerk

No. 12-10004
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTONIO URIBE-QUINTERO,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-123-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Antonio Uribe-Quintero challenges his sentence of 100-months' imprisonment, imposed following his guilty-plea conviction for unlawful presence in the United States following deportation, in violation of 8 U.S.C. § 1326(a). Uribe contends his sentence, an upward variance from the advisory Sentencing Guidelines range of 70 to 87 months, was substantively unreasonable.

Challenges to the reasonableness of sentences are reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court, in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

varying upward:   stated that it had considered the 18 U.S.C. § 3553(a) sentencing factors, including the goals of deterrence and the protection of the public; noted Uribe's prior aggravated-assault conviction, as well as his habitual disregard for immigration laws; and observed that Uribe had been undeterred by previous periods of incarceration.

"[T]he sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, and may adjust the sentence accordingly under § 3553(a)". *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (internal quotation marks omitted); *Gall*, 552 U.S. at 51 ("[D]ue deference [must be given] to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance".).   Uribe's disagreement with both the extent of the upward variance and the district court's weighing of the § 3553(a) factors is insufficient to show the court abused its discretion. *Lopez-Velasquez*, 526 F.3d at 807.  Along that line, the sentence was 13 months above the top of the advisory Guidelines sentencing range. Our court has upheld variances considerably greater than this increase to Uribe's sentence. *E.g.*, *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005).

Finally, to the extent Uribe challenges his sentence on the basis that the illegal-reentry Sentencing Guideline counted his aggravated-assault conviction both to increase the offense level and to calculate his criminal history, that contention lacks merit.  *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009) (rejecting "double counting" assertion).

AFFIRMED.